UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

B.C. BY AND THROUGH HIS LEGAL
GUARDIAN, KELLI COONS-JUEDES,
      Plaintiff,

v.

YOUNG MEN'S CHRISTIAN ASSOCIATION
OF THE FOX CITIES, INC.,
      Defendant.

CASE NO.: 19-CV-452
JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff, B.C., by and though his attorneys, Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## INTRODUCTION

1. This is a civil action for declaratory judgement and permanent injunctive relief to redress and prevent violation of plaintiff's pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182 *et seq*. Plaintiff seeks injunctive relief requiring defendant to correct it violation of Plaintiff's rights, prohibiting defendant from continuing it misconduct in violation of the ADA, and from engaging in similar conduct in the future. Plaintiff seeks attorney's fees and court costs pursuant to 42 U.S.C. § 12205.

1

## PARTIES

2. Plaintiff, B.C. ("Plaintiff"), is a minor resident of the State of Wisconsin and currently resides in Outagamie County. His natural mother, Kelli Coons-Juedes sues on his behalf.

3. Defendant, Young Men's Christian Association of the Fox Cities, Inc., ("Defendant") is a non-profit corporation, conducting and transacting business in the State of Wisconsin.

## JURISDICTION AND VENUE

4. This court has jurisdiction to hear and decide Plaintiff's claims pursuant to 42 U.S.C. §§ 12188-89, as the Plaintiff's claims arise under and are based upon violations of Title III of the ADA, 42 U.S.C. § 12182, *et seq*.

5. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 2201.

6. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 130(a) and 1391(b) and (c), because a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Wisconsin and further, because the Defendant conducts such business in the district.

## FACTS

7. B.C. was and is a resident of Appleton, Wisconsin.

8. B.C. is an individual with type I diabetes, a physical impairment that substantially limits one or more major life activities, including the operations of the endocrine system, which is a major bodily function. The Plaintiff therefore, has a

disability within the meaning of the ADA. *See* 42 U.S.C. § 12102; 28 C.F.R. § 36.105.

9. Young Men's Christian Association ("YMCA") of the Fox Cities, Inc., is a private entity, open to the public that provides a wide range of recreation programs and is a state licensed child care for children ages six weeks to twelve years old through its Child Learning Center. Accordingly, it is a public accommodation and covered entity with the meaning of Title III of the ADA because its operations affect commerce and it operates child care centers and places of recreation.

10. Kathryn Herzog ("Ms. Herzog") is the Defendant's Program Executive Director of Child Care.

11. The Defendant maintains a waiting list of children whose parents wish to enroll them in its child care program. At the request of B.C.'s mother, the Defendant placed D.C. on the child care waiting list in October of 2017.

12. The Defendant sets forth its enrollment procedures in its "Child Care Policy Handbook: YMCA of the Fox Cities" that provides in relevant part "Families interested in enrolling in a program must complete the registration materials and applicable fees before the first day of participation in care."

13. In May of 2018, the Defendant informed the Plaintiff's mother that an opening existed in its child care program. Subsequently, B.C.'s mother completed the above referenced enrollment materials and maintained contact with the Defendant for further instructions.

3

14. On or about May 30, 2018, the Defendant provided B.C.'s mother further enrollment forms along with instructions to return the completed documents on June 6, 2018. On or about that same date, the Defendant told Plaintiff's mother that a diabetes educator was available to provide training to the child care staff about the necessary accommodations for B.C.'s care; moreover, the Parties selected dates on which B.C.'s mother would provide additional instruction to the child care staff to assist in transitioning B.C. into child care.

15. B.C.'s mother went to the Child Care Center in late May to train staff members in the methods of administering insulin and about B.C.'s dietary restrictions. This training session was conducted in a private setting and was attended by four staff members.

16. As instructed and agreed to, on June 6, 2019, B.C. and his mother returned to the Defendant's Child Care Center with completed enrollment forms and fees. B.C.'s mother also intended to provide another training session with the staff and oversee B.C. care in the day care setting.

17. B.C.'s mother was later denied the opportunity to complete the enrollment process nor to assist the Defendant's staff in transitioning her son into child care—instead, Ms. Herzog informed the Plaintiff's mother that B.C.'s enrollment was denied based on his disability. Specifically, Ms. Herzog expressed that teachers should not have to administer insulin to B.C. or keep track of B.C.'s dietary intake.

4

18. The Plaintiff's mother requested that Ms. Herzog reduce to writing the denial of admission.

19. In an email from Ms. Herzog to the Plaintiff's mother dated June 13, 2018, Ms. Herzog wrote that she would rather not "put anything in writing."

20. Since June 6, 2018, B.C. has not been allowed to enroll or participate in the Defendant's child care program because of his diabetic needs.

21. B.C. has a continued desire to attend the YMCA of the Fox Cities child care program; however, B.C. cannot attend due to the Defendant's unlawful actions. The YMCA of the Fox Cities' exclusion of B.C. is present and ongoing, and B.C. is fearful that unless enjoined and restrained, the YMCA of the Fox Cities will persist in its exclusion to his harm.

## CAUSES OF ACTION:
## VIOLATION OF TITLE III of the ADA, 42 U.S.C. § 12182, *et seq.*

22. Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

23. B.C. brings this action under Title III of the ADA, 42 U.S.C. § 12182, *et seq*.

24. Private entities affecting commerce such as "nursery, elementary, secondary, undergraduate, or postgraduate private school[s], or other place[s], of education" are places of public accommodation under the ADA. *Id.* at § 12181(7)(J). Additionally, those entities affecting commerce such as "a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service

5

center establishment" are places of public accommodation under the ADA. *Id.* at § 12181(7)(K).

25. Title III of the ADA prohibits, *inter alia*, discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, advantages, or accommodations of any place of public accommodation . . . ." *Id.* at § 12182(a). Discrimination includes "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *Id.* § 12182(b)(2)(A)(ii).

26. As provided, *supra*, the YMCA of the Fox Cities denied B.C. access to its services solely on the basis of his disability.

27. Under the ADA, the YMCA of the Fox Cities can only deny an otherwise qualified individual with a disability, like B.C., access to its services, if that individual poses a significant risk to the health or safety of others." 42 U.S.C. § 12182(a)(3). A "'direct threat' means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." *Id.*

28. Absent a showing of fundamental alteration, allowing a trained layperson to assist with diabetes care would be a reasonable modification under the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302.

6

29. B.C., despite his diabetes, is completely able to attend the YMCA of the Fox Cities' child care program safely. The YMCA of the Fox Cities' denial of full and equal access to its program and failure to accommodate, solely on the basis of B.C.'s diabetes, constitutes intentional disability-based discrimination in violation of Title III of the ADA.

## Count I

30. Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

31. Title III of the ADA prohibits private entities providing public accommodations, such as the Defendant, from discriminating against a person with disabilities because of his disability by denying him the opportunity to participate in or benefit from the services, privileges, advantages, or accommodations of the entity. 42 U.S.C. § 12182(b)(1)(A)(i). B.C. is a person with disabilities as defined by the ADA.

32. The YMCA of the Fox Cities' refusal to all B.C. access to its child care program discriminates against him by denying him the opportunity to participate in and benefit from its services, privileges, advantages, and accommodations the YMCA offers, in violation of the ADA and implementing regulations.

## Count II

33. Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

34. As a private entity providing public accommodation under Title III of the ADA, the YMCA of the Fox Cities is prohibited from discriminating against a person with disability by using standards or criteria or methods of administration that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12182(b)(1)(D)(i).

35. The YMCA of the Fox Cities' refusal to allow B.C. to participate in it child care program on the basis of criteria and standards premised on stereotypes and prejudice toward a person with diabetes, results in discrimination based on his disability, in violation of Title III of the ADA and implementing regulations.

### Count III

36. Plaintiff re-alleges and incorporates by reference the paragraphs above and further states:

37. Under Title III of the ADA, the YMCA of the Fox Cities is prohibited from failing to make reasonable modifications to policies, practices, or procedures when necessary for an individual with a disability to fully enjoy any services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to fundamentally alter the nature of same. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302.

38. The YMCA of the Fox Cities failed to make any modification to its policies, practices, or procedures necessary for B.C. to fully enjoy any services, facilities, privileges, advantages, or accommodations, in violation of Title III of the ADA and implementing regulations.

## DECLARATORY RELIEF

39. This action seeks declaratory relief pursuant to 28 USC § 2201 for the purpose of determining a question of actual controversy between the Plaintiff and Defendant.

40. Plaintiff, B.C., is entitled to declaratory judgement concerning each of the YMCA of the Fox Cities' violations of the ADA and implementing regulations, and specifying B.C.'s rights with regard to the YMCA of the Fox Cities' services and facilities.

## DECLARATORY RELIEF

41. This action seeks injunctive relief pursuant to 42 USC 12188 and Rule 65 of the Federal Rules of Civil Procedure.

42. Plaintiff, B.C., is entitled to a permanent injunction requiring Defendant the YMCA of the Fox Cities to correct each of its violations of the ADA and implementing regulations as such relate to B.C., and requiring the YMCA for the Fox Cities to case its discriminatory exclusion of B.C. from its programs.

## REQUEST FOR RELIEF

**WHEREFORE** the Plaintiff, B.C., demands judgment for the following:

A. Exercise jurisdiction over this action;

B. Enter a declaratory judgement on behalf of B.C., declaring that Defendant the YMCA of the Fox Cities' actions are in violation of Title III of the ADA and implementing regulations;

C. Enter a permanent mandatory injunction ordering the YMCA of Fox Cities to cease its exclusion of B.C. from its child care programs, and ordering the YMCA of the Fox Cities to cease its exclusion of disabled persons from participation or benefits of service and activities when exclusion or denial occurs by reason of such disability;

D. Award B.C. all attorney's fees and costs related to the action and assess all such costs against Defendant the YMCA of the Fox Cities; and

E. Grant B.C. such other and further relief that the jury deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Respectfully submitted this 28th day of March, 2019.

**HAWKS QUINDEL, S.C.**
Attorney for Plaintiff

By: s/ Summer H. Murshid
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com

222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

10

Case 1:19-cv-00452-WCG   Filed 03/28/19   Page 10 of 10   Document 1